## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) DANIEL EISENLOHR,<br><br>   Plaintiff,<br><br>vs.<br><br>(1) JONATHAN W. CARNEY,<br>(2) UNITED PARCEL SERVICE, INC.,<br><br>   Defendants. | Case No. 22-cv-00045-GKF-CDL<br><br>JURY TRIAL DEMANDED<br><br>ATTORNEYS LIEN CLAIMED |

## COMPLAINT

**COMES NOW**, the Plaintiff, Daniel Eisenlohr ("Plaintiff"), and for his causes of actions against the above-named Defendants, alleges and states the following:

### PARTIES, JURSIDICTION AND VENUE

1. Plaintiff Daniel Eisenlohr is a resident of Creek County, State of Oklahoma, located in the Northern District of Oklahoma.

2. Defendant United Parcel Service, Inc. ("UPS") is a Delaware corporation and regularly conducts business in the State of Oklahoma, with its principal place of business located in Atlanta, Georgia.

3. Defendant Jonathan W. Carney is a resident of Gallatin, Tennessee and is employed by UPS.

4. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332, as there is diversity of citizenship between Plaintiff and Defendants, and Defendant UPS's contacts within the state of Oklahoma are so continuous and systematic as to render it essentially at home in Oklahoma.

5. Venue is proper under 28 U.S.C. § 1391(b) because Defendants reside in different states and Defendant UPS is subject to this Court's personal jurisdiction with respect to this action.

## FACTUAL ALLEGATIONS

6. Paragraphs 1 through 5 are incorporated herein by reference.

7. On January 27, 2020, Mr. Eisenlohr was operating a tractor-trailer and traveling northbound on Interstate-65 ("I-65") near Bonnieville, KY.

8. While approaching the Bonnieville exit on I-65, Mr. Eisenlohr heard an unusual noise coming from the rear of his trailer. He decided to pull over onto the right shoulder, approximately two (2) feet over the fog line in the emergency lane.

9. As Mr. Eisenlohr was in the sleeper cabin of his tractor-trailer searching for his safety triangles and vest, Defendant Carney, who was operating a different tractor-trailer, recklessly and negligently failed to pay proper attention to the roadway and crashed his right-rear trailer into Mr. Eisenlohr's left-rear trailer.

10. The force exerted on Mr. Eisenlohr's tractor-trailer was caused by the negligent and reckless acts and/or omissions of Carney, and resulted in Plaintiff sustaining significant injuries.

11. At the time of the collision, Carney was operating the commercial tractor trailer under the direct authority, supervision and control of Defendant UPS.

12. There is no substantial controversy in this case that Carney, while employed by, and under the authority, supervision and control of Defendant UPS, was at fault in causing the collision with Mr. Eisenlohr's tractor-trailer. For instance, Kentucky State

Police Officer, Jonathan McChesney, cited Charney for inattention and failure to maintain control.

## CAUSES OF ACTION

### *RESPONDEAT SUPERIOR/* VICARIOUS LIABILITY
### (**Defendant UPS**)

13. Paragraphs 1-13 are incorporated herein by reference.

14. On or around January 27, 2020, a tractor-trailer operated by the Defendant Carney, and under the direct authority and control of Defendant UPS, collided with the tractor-trailer Plaintiff was operating.

15. At the time of the January 27, 2020 crash, the tractor-trailer driven by Defendant Carney was controlled and operated at the direction of UPS and was being operated for the purpose of interstate or intrastate commerce under UPS' USDOT Number 21800.

16. Defendant Carney, as a servant, employee, and/or agent of Defendant UPS, owed a duty to Plaintiff to operate the commercial vehicle in a safe and reasonable manner, using ordinary care to prevent injury to other persons and to keep a lookout consistent with the safety of other vehicles.

17. By failing to operate the vehicle in a safe and reasonable manner, and by acting recklessly with complete disregard for the health and well-being of the Plaintiff and all other drivers on the road, Defendant Carney breached the duty owed to Plaintiff.

18. Defendant Carney's breach was the actual and proximate cause of Plaintiff's injuries.

19. At the time of the January 27, 2020 crash, Defendant Carney was acting in the scope and course of his employment with UPS. Consequently, Defendant UPS is

vicariously liable for the actions of Defendant Carney which have caused Plaintiff to suffer personal injury, including medical expenses, mental and physical pain and suffering, loss of wages, and other actual damages in excess of $75,000.00.

## NEGLIGENCE/NEGLIGENCE *PER SE*

20. Paragraphs 1-20 are incorporated herein by reference.

21. Defendants owed a duty to Plaintiff.

22. Defendants breached said duty by failing to comply with applicable state and federal standards and regulations, which were enacted to protect the public from injury.

23. Plaintiff, as a driver of a vehicle on the road, was within the class meant to be protected by the applicable state and federal standards and regulations.

24. Plaintiff's injuries were of the type intended to be prevented by the standards and regulations.

25. This breach was the actual and proximate cause of Plaintiff's injuries.

26. As a result, Mr. Eisenlohr has suffered personal injury, including medical expenses, mental and physical pain and suffering, permanent disfigurement and other actual damages in excess of Seventy-Five Thousand Dollars ($75,000.00).

## PUNITIVE DAMAGES

27. Paragraphs 1 through 27 are incorporated herein by reference.

28. The willful, wanton, and reckless conduct of Defendants and utter indifference to the safety, health and well-being of Mr. Eisenlohr, entitle Plaintiff to an award of exemplary damages under Oklahoma law. Furthermore, Defendants willfully, wantonly and recklessly failed to comply with applicable state and federal safety laws and

4

regulations regarding the operation and use of their vehicles, and such actions or inactions were not only detrimental to Mr. Eisenlohr but to the public at large.

29. The acts of Defendants were wrongful, culpable, and so egregious that punitive damages in a sum that exceeds Seventy-Five Thousand Dollars ($75,000.00) should be awarded against them to set an example to others similarly situated that such inexcusable conduct will not be tolerated in our community.

WHEREFORE, premises considered, Plaintiff prays that this Court grant Plaintiff the relief sought including, but not limited to, actual damages in excess of Seventy-Five Thousand Dollars ($75,000.00) with interest accruing from date of filing of suit, punitive damages in excess of Seventy-Five Thousand Dollars ($75,000.00), costs and all other relief deemed appropriate by this Court.

Respectfully Submitted,

Daniel E. Smolen, OBA #19943
701 S. Cincinnati A venue
Tulsa, OK 74119
(918) 585-2667
(918) 585-2669 Fax
danielsmolen@ssrok.com
***Attorney for Plaintiff***